# ORIGINAL

FILED

SEP 28 2006

WILLIAM G. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| ROBBIE J. THOMAS, | ) |
| | ) |
| Plaintiff, | ) Case No. **CIV 0 6 - 4 1 2 - K E W** |
| | ) |
| vs. | ) Violation of Title VII of the Civil |
| | ) Rights Act of 1964, as amended. |
| USA TRUCK, INC., | ) |
| | ) |
| Defendant. | ) A JURY TRIAL IS DEMANDED |

### COMPLAINT

COMES NOW the Plaintiff, Robbie J. Thomas, by counsel, and respectfully represents to this Court as follows:

### Parties

1. The Plaintiff is Robbie J. Thomas, an adult female and citizen of the United States who, at all times pertinent to this suit, resided in LeFlore County, Oklahoma.

2. Defendant USA Truck, Inc., is a Delaware corporation, doing business in and employing many residents of the State of Oklahoma.

### Jurisdiction and Venue

3. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e, *et seq.*, the Civil Rights Act of 1964, as amended (the "Act").

4. Venue in this case is proper pursuant to 28 U.S.C. § 1391(c) inasmuch as Defendant is soliciting and conducting business within the jurisdictional confines of this Court, as well as employing many residents of the State of Oklahoma.

Consent given

## Statement of Facts

5. Defendant was an employer in Van Buren, Crawford County, State of Arkansas, at the time the alleged acts occurred, employing more than 15 regular employees and engaging in an industry affecting commerce.

6. Plaintiff was permanently employed by Defendant beginning February 20, 2006 as a night dispatcher, after successfully completing a training program as a temporary employee.

7. Soon after Plaintiff's temporary employment began in December, 2005, she became the object of unwelcome advances of a personal and sexual nature by Joe Barker, her immediate supervisor. At the time she was single.

8. At one point after her permanent employment began, Mr. Barker came to the Plaintiff and told her that he had received an email alleging a sexual affair between them, and that he would "handle it." He also told her that she would never have to worry about her job as long as he worked there.

9. Approximately March 13, 2006, Plaintiff was reunited with her ex-husband and Mr. Barker learned of her new status when the ex-husband came to the worksite to bring the Plaintiff her dinner and visit with her.

10. That same evening, Mr. Barker began berating the Plaintiff and finding fault with her work.

11. On March 20, 2006, Plaintiff scheduled a meeting with Mr. Barker's boss, Jimmy Mack, and explained the situation involving Mr. Barker, telling Mr. Mack she was afraid of what was going to happen with her job. Plaintiff is unaware of what steps, if any, Mr. Mack took with regard to her problems with Mr. Barker.

2

11. On March 27, 2006, Plaintiff was summarily fired by Mr. Barker and escorted off the premises.

12. Plaintiff has filed a timely charge of discrimination with the Equal Employment Opportunity Commission and has met all administrative prerequisites for the bringing of this action.

13. Defendant's conduct in discharging Plaintiff violates Title VII of the Civil Rights Act of 1964, as amended. Plaintiff is suffering and will continue to suffer injury as a result of the Acts of Defendant.

14. As a result of Defendant's conduct in terminating Plaintiff's employment, Plaintiff has suffered lost income, lost fringe benefits, and lost seniority, and has incurred expenses in searching for replacement employment.

15. As a result of Defendant's conduct in terminating Plaintiff's employment, Plaintiff will continue to suffer lost income, lost fringe benefits, and lost seniority, and to incur expenses in searching for replacement employment in the future.

Prayer

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in her favor against Defendant for actual damages including front pay (or reinstatement), back pay, and other nonpecuniary damages, punitive damages together with pre- and postjudgment interest, costs, attorney fees and such equitable or other relief as this Court may deem proper.

3

Respectfully submitted,

*Martha J. Cherbini*

Martha J. Cherbini, OBA #17535
BONDS & MATTHEWS LAW FIRM, P.L.L.C.
P. O. Box 1906
Muskogee, OK 74402-1906
918/683-2911 telephone
918/687-0846 facsimile

4